E-FILED
Thursday, 27 March, 2025  03:09:39 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WILKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 24-cv-4172** |
| | ) | |
| **STATE OF ILLINOIS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act ("SVPCA"), 725 ILCS 207/1, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 15).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to

"state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Illinois Governor JB Pritzker, Illinois Attorney General Kwame Raoul, and Illinois Department of Corrections ("IDOC") Acting Director Latoya Hughes. Plaintiff alleges he was convicted of criminal sexual assault and sentenced to 30 years in case 93-CR-15952 and 30 years in case 93-CR-15953. Plaintiff states the sentences were to be served concurrently. Plaintiff alleges he has not been released even though he completed his sentence. Instead, he was released from prison and civilly committed at Rushville pursuant to the SVPCA. Plaintiff asserts the SVPCA is unconstitutional and that his detainment at Rushville violates his constitutional rights because he was not sentenced under the SVPCA in 1993.

Plaintiff also claims he was excluded from participating in or denied the benefits of prison sex offender treatment programs and services at Dixon Correctional Center ("Dixon") and Lawrence Correctional Center ("Lawrence") based on his disability in violation of the Americans with Disabilities Act ("ADA").

## ANALYSIS

Plaintiff's § 1983 claim challenges the validity of his continued civil commitment pursuant to the SVPCA. His Amended Complaint seeks immediate release and money damages, but as the Seventh Circuit stated:

> [E]ntitlement to either remedy would necessarily require him to prove in the first instance the illegality of his civil commitment. Therein lies the *Heck* barrier:

>[Plaintiff] cannot use § 1983 to pursue those remedies unless and until he succeeds through a different outlet in favorably terminating or otherwise showing the invalidity of his civil commitment under the SVPCA.

*Bell v. Raoul*, 88 F.4th 1231, 1234 (7th Cir. 2023). Plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which bars a plaintiff from pursuing relief through § 1983 that would invalidate or imply the invalidity of his present confinement. *See id.* The Seventh Circuit has held that the *Heck* bar applies to civil detainees challenging their commitment under the SVPCA. *See Henderson v. Bryant*, 606 F. App'x 301, 303-04 (7th Cir. 2015) (applying *Heck* to civil sexually violent detainee seeking damages for "recommit[ment] based on the violation of release conditions he contends are unconstitutional"); *Dopson v. Corcoran*, No. 19 C 5077, 2020 WL 3268513, at *5 (N.D. Ill. June 17, 2020) (cataloguing cases in the Seventh Circuit applying *Heck* to civilly committed persons). Plaintiff's claim that the Defendants misapplied the SVPCA and unlawfully committed him is a direct challenge to the validity of his present commitment. Because Plaintiff has not shown that his present commitment has been invalidated (through habeas proceedings or otherwise), he cannot pursue relief under § 1983.

If Plaintiff wishes to challenge the validity of his continued commitment as a sexually violent person, he must assert his claims in the state court proceedings and then pursue all available appeals. Additionally, "[Plaintiff] may be able to use the Illinois habeas statute for relief. This statute permits filing an application for a writ of habeas corpus where, as here, the applicant alleges being held in custody for longer than is legally permitted." *Bell*, 88 F.4th at 1236 (citing 735 ILCS 5/10-123(2)).

Plaintiff also alleges he was denied access to sex offender programs and services at Lawrence and Dixon because of his disability in violation of the ADA. Plaintiff does not allege when this occurred. Plaintiff named Governor Pritzker, Attorney General Raoul, and IDOC Acting

Director Hughes as Defendants, but he did not demonstrate that they were personally involved in barring him from participating in sex offender treatment programs or activities at Lawrence and Dixon. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable based only on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc).

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as *Heck* barred and for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Out of an abundance of caution, the Court will provide a FINAL opportunity to Plaintiff to file a Second Amended Complaint within 30 days of this Order. His Second Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe. Plaintiff's Second Amended Complaint must stand complete on its own and must not refer to his prior Complaints. If Plaintiff fails to file a timely Second Amended Complaint, or if it fails to state a claim for relief, his case will be dismissed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as *Heck* barred and for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a FINAL opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a**

**timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim, this matter will be dismissed. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

ENTERED:  3/27/2025

s/ James E. Shadid
James E. Shadid
United States District Judge